IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DIONISIO TRIGO GONZALEZ and
ANA RITA SUAREZ SEÍN, individually
and on behalf of all others similarly
situated, and derivatively on behalf of
FIRST PUERTO RICO TAX-EXEMPT
TARGET MATURITY FUND II, INC.;
FIRST PUERTO RICO TAX-EXEMPT
TARGET MATURITY FUND III, INC.;
FIRST PUERTO RICO TAX-EXEMPT
TARGET MATURITY FUND IV, INC.;
FIRST PUERTO RICO TARGET
MATURITY FUND V, INC.; and
FIRST PUERTO RICO TAX-EXEMPT
TARGET MATURITY FUND VII, INC.

CIVIL 16-2868CCC

Plaintiffs

vs

BANCO SANTANDER, S.A.;
SANTANDER BANCORP; BANCO
SANTANDER PUERTO RICO;
SANTANDER SECURITIES LLC;
SANTANDER ASSET MANAGEMENT,
LLC; JUAN CARLOS BATLLE;
FRANCISCO JAVIER HIDALGO; LUIS
ROIG; ROMAN BLANCO; FREDY F.
MOLFINO; FERNANDO L. BATLLE;
MARIO F. GAZTAMBIDE; FRANCISCO
MARRERO MELENDEZ; JOSE E.
VÁSQUEZ BARQUET; and ANTONIO
ARIAS III

Defendants

vs

FIRST PUERTO RICO TAX-EXEMPT
TARGET MATURITY FUND II, INC.;
FIRST PUERTO RICO TAX-EXEMPT
TARGET MATURITY FUND III, INC.;
FIRST PUERTO RICO TAXEXEMPT
TARGET MATURITY FUND IV, INC.;
FIRST PUERTO RICO TARGET
MATURITY FUND V, INC.;

and FIRST PUERTO RICO TAXEXEMPT TARGET MATURITY FUND VII, INC.

Nominal Defendants

## STATEMENT OF REASONS

The plaintiffs' Motion to Remand (d.e. 13) was denied on September 29, 2017 (d.e. 27). The Court now provides its statement of reasons in support thereof.

This putative shareholder derivative and class action was removed by defendant Banco Santander, S.A. (BSSA) from the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of San Juan, on October 25, 2016 pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d) (CAFA). Before the Court is plaintiffs' Motion to Remand (**d.e. 13**) filed on November 15, 2016 arguing that the Court lacks jurisdiction over the action based on the "local controversy" exception under CAFA, 28 U.S.C. section 1332(d)(4)(A). Defendants BSSA, Santander Bancorp (BanCorp), Banco Santander Puerto Rico, Santander Securities LLC (Santander Securities), Santander Asset Management, LLC (SAM) (collectively, the Santander Defendants), Luis Roig, and Fredy Molfino filed an opposition (d.e. 14) on November 29, 2016, which was joined by defendants Mario F. Gaztambide, Francisco Marrero Meléndez, José E. Vázquez Barquet, and Antonio Arias III.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

On September 16, 2016, plaintiffs filed a lawsuit against defendants in state court, asserting derivative and class claims, contending that defendants

breached their fiduciary and contractual duties as to a number of closed-end Santander funds and as to the funds' investors in violation of various state laws. (d.e. 1-1, State Court Complaint, and 1). The closed-end Santander funds in question are First Puerto Rico Tax-Exempt Target Maturity Fund II, Inc., First Puerto Rico Tax-Exempt Target Maturity Fund III, Inc., and First Puerto Rico Tax-Exempt Target Maturity Fund V, Inc. (collectively referred to as "Funds"), incorporated in Puerto Rico that pool capital to earn income by investing in securities. (d.e. 1-1, State Court Complaint, p. 43). The Funds, part of the Santander "First Puerto Rico Funds," were offered exclusively to individuals having their principal residence in Puerto Rico and to others whose principal office and principal place of business was located in Puerto Rico. *Id*. The complaint alleges that SAM served as the investment advisor, Santander Securities as the primary underwriter and primary broker dealer and Banco Santander Puerto Rico as the primary transfer agent, administrator and custodian of the First Puerto Rico Funds. (D.e. 1-1, State Court Complaint, p. 45). The overall management of the business and affairs of the First Puerto Rico Funds were vested with its Board of Directors. (d.e. 1-1, State Court Complaint, p. 46). In order to purchase shares of the Funds, shareholders were required to enter into a binding contract for securities and services referred to as the Puerto Rico Residency Representation Letter ("Representation Letter") which incorporated by reference the terms of the Funds' prospectuses. (d.e. 1-1, State Court Complaint, p. 58). Plaintiffs further allege at paragraph 75 that Santander Securities served as underwriter for a significant portion of the bonds issued by the Commonwealth of Puerto

CIVIL 16-2868CCC                                    4

Rico and its political subdivisions, organizations, agencies and instrumentalities. (d.e. 1-1, & 75).

On October 25, 2016, defendant BSSA removed the case pursuant to CAFA. Plaintiffs acknowledge that CAFA applies. What is in issue is the applicability of CAFA's "local controversy" exception.

## II.     ANALYSIS

The Class Action Fairness Act of 2005 (CAFA) provides for removal to federal court of state class actions that satisfy the statute's minimal diversity and class size requirements and have more than $5 million in controversy. *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 42-43 (1st Cir. 2009); 28 U.S.C. section 1332(d)(2). This grant of subject matter jurisdiction is limited, however, by the "local controversy" exception, 28 U.S.C. section 1332(d)(4)(A), and the "home state" exception, 28 U.S.C. section 1332(d)(4)(B).

CAFA's language favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved "in favor of exercising jurisdiction over the case." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (citing S.Rep. No. 109-14 at 42, U.S. Code Cong. & Admin. News 3, 40).

The "local controversy" exception to CAFA jurisdiction under 28 U.S.C. section 1332(d)(4)(A) provides that federal courts shall decline to exercise jurisdiction where the following requirements are established: (a) greater than

two thirds of the plaintiffs of the member class are from the state in which the complaint was originally filed; (b) at least one defendant is (1) a citizen of the state in which the complaint was originally filed, (2) significant relief is sought against defendant(s) by the plaintiff class, and (3) relief is sought due to defendant's conduct, which forms a significant basis of the claim; (c) the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and (d) no other similar claim against any defendant by similar persons asserting similar facts has been filed within the preceding three years. The burden lies with plaintiff to show that the local controversy exception to CAFA jurisdiction applies. *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 78 (1st Cir. 2009). *See also Evans*, 449 F.3d at 1164 (affirming that when a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA . . the party seeking remand bears the burden of proof with regard to that exception.)

The parties do not dispute that requirements one, two and four of the "local controversy" exception have been satisfied. As to the first requirement, all plaintiffs are Puerto Rico citizens, and as to the second requirement, defendants BanCorp, Santander Securities, Banco Santander Puerto Rico and SAM are incorporated under the laws of the Commonwealth of Puerto Rico and have principal offices in Puerto Rico. The complaint seeks relief from these defendants, and their conduct formed a significant basis for plaintiffs' claims. As for the fourth requirement, plaintiffs state that "[t]o the best of [their] knowledge, no other class action asserting similar allegations against the

defendants has been filed within the past three years." (d.e. 13, p. 7). The dispute centers on the third requirement: "principal injury."

### A. The "Principal Injury" Requirement

"[P]rincipal injury" is satisfied either (1) when principal injuries resulting from the alleged conduct of each defendant were incurred in the state in which the action was originally filed, or "(2) when principal injuries resulting from any related conduct of each defendant were incurred in that state." *Premo v. Family Dollar Stores of Masachusetts,* 2014 WL 1330911, at *5 (D. Mass. 2014). The legislative history discussing the purpose underlying the "principal injury" requirement is instructive:

> The third criterion is that the principal injuries resulting from the actions of all the defendants must have occurred in the state where the suit was filed. By this criterion, the Committee means that all or almost all of the damage caused by defendants' alleged conduct occurred in the state where the suit was brought. The purpose of this criterion is to ensure that this exception is used only where the impact of the misconduct alleged by the purported class is localized. For example, a class action in which local residents seek compensation for property damage resulting from a chemical leak at a manufacturing plant in that community would fit this criterion, provided that the property damage was limited to residents in the vicinity of the plant. *However, if the defendants engaged in conduct that could be alleged to have injured consumers throughout the country or broadly throughout several states, the case would not qualify for this exception, even if it were brought only as a single-state class action.*

S. REP. 109-14, 40, 2005 U.S.C.C.A.N. 3, 38 (emphasis ours).

Plaintiffs contend in their petition to remand (d.e. 13) at page 7 that the plaintiffs and the class' principal injuries "were caused by the defendants' wrongdoing and, because the funds were offered only to Puerto Rico residents,

there can be no doubt that the injuries were incurred in Puerto Rico." Defendants, in turn, posit that:

> . . . while it is true that the Funds were marketed solely to Puerto Rico residents, to argue that this case concerns only the management of the Funds is to rob the allegations of their broader context. At the heart of Plaintiffs' claims are allegations of self-dealing and conflicts of interest, and Defendants' use of the Funds as just one part of an alleged intricate and elaborate fraudulent scheme.

Opposition to Motion to Remand (d.e. 14), pp. 8-9.

They further argue that:

> Plaintiffs' simplistic assertion that "because the Funds were offered only to Puerto Rico residents, there can be no doubt that the injuries were incurred in Puerto Rico" (Mot. at 7) betrays a misunderstanding of the "principal injuries" test, and it mischaracterizes the alleged relevant conduct. Like the billing practices at issue in <u>Coll. of Dental Surgeons [v. Triple S Management, Inc.</u>, 2011 WL 414991], the Santander Defendants' underwriting and sale of the bonds at issue – the first and most critical level of the alleged house of cards – led to losses suffered by thousands of investors throughout the U.S., not solely the investors in these Funds. Where, as here, the alleged conduct "could be alleged to have injured consumers throughout this country or broadly throughout the several states" (S. Rep. 109-14 at 38), Congress and relevant case law mandate that CAFA's broad jurisdictional reach is not annulled merely because Plaintiffs seek relief on behalf of a class of Puerto Rico residents.

*Id.*, at p. 10.

Plaintiffs' own allegations set forth at paragraphs 75, 76, 77 and 78 of the Complaint defeat their primary argument that the principal injuries resulting from the defendants' alleged misconduct was localized and did not extend beyond the shores of Puerto Rico. These allegations read as follows:

> 75. First, Santander Securities served as underwriters for a significant portion of the bonds issued by the Commonwealth of Puerto Rico and its political subdivisions, organizations, agencies, and instrumentalities, generating hundreds of millions of dollars in fees for doing so.

76.　According to official statements publicly available on GDB's website, COFINA had 14 separate bond offerings from 2007 to 2011 worth more than $16 billion. Santander Securities served as either lead or co-lead underwriter on 12 of these offerings, which were worth a combined amount of $15.3 billion, including the financing of COFINA's Series 2009-B bonds. As underwriter, Santander Securities sold over $100 million in COFINA's Series 2009-B bonds. As underwriter, Santander Securities sold over $100 million in COFINA's Series 2009-B bonds directly to the Funds, where they remain today at a market value of roughly half their original face value.

77.　Moreover, the same materials indicate that between 2006 and 2012, the GDB had 15 separate bond offerings of its Senior Notes, totaling $11 billion. Santander Securities served as underwriter on 10 of these Senior Note issuances, underwriting a total of $9 billion. Suggestive of brazen self-dealing, the Funds hold over $98 million in face value of the very same GDB Senior Notes that Santander Securities underwrote. It is estimated that, between 2008 to present, Santander Securities underwrote over $42 billion in bonds issued by the Commonwealth of Puerto Rico and its political subdivisions, organizations, agencies, and instrumentalities.

78.　In addition, in BanCorp.'s Annual report for 2009 it boasts that, in that year, Santander Securities "participated in the underwriting and structuring of over $8.2 billion of fixed income products in the U.S. and Puerto Rico capital markets," including "the issuance and sale of over $1.25 billion in Puerto Rico sales Tax Financing Corporation bonds in the local capital market." As discussed, in part, in paragraphs 66-68 and paragraph 77, bonds issued by both of these Puerto Rico government agencies represent a significant portion of the holdings in the Funds' portfolios.

Additionally, the filing of other class actions in this District founded on essentially similar allegations, such as Civil No. 12-1663(CCC), <u>Roman et al v. UBS Financial Services, Inc., et al</u>, and Civil No. 17-2243(CCC), <u>Ponsa-Rabell et al v. Santander Securities, L.L.C.</u>, militate against the applicability of the "local controversy" exception to this case.

CIVIL 16-2868CCC                9

## III.  CONCLUSION

For the reasons stated above, plaintiffs' Motion to Remand (**d.e. 13**) was DENIED since the plaintiffs did not discharge their burden of proof, as the party seeking remand, that would entitle it to avail itself of the narrow local controversy exception to CAFA jurisdiction.

SO ORDERED.

At San Juan, Puerto Rico, on December 1, 2017.

S/CARMEN CONSUELO CEREZO
United States District Judge